**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Regina M. Rodriguez**

Civil Action No. 1:23-cv-01166-RMR-SBP

DOUGLAS BELL,

Plaintiff,

v.

BOARD OF TRUSTEES OF THE METROPOLITAN STATE UNIVERSITY OF DENVER, and
ALFRED TATUM,

Defendants.

---

**ORDER ADOPTING MAGISTRATE JUDGE RECOMMENDATION**

---

This matter is before the Court on the Recommendation of United States Magistrate Judge S. Kato Crews,[1] ECF No. 23, entered December 4, 2023, addressing Defendants' Motion to Dismiss, ECF No. 16. Then Magistrate Judge Crews recommends that the motion to dismiss be granted.

Plaintiff filed an objection to the Recommendation at ECF No. 24, and Defendants filed a response at ECF No. 27. This Court is required to make a de novo determination of those portions of a magistrate judge's recommendation to which a specific objection has been made, and it may accept, reject, or modify any or all of the magistrate judge's

[1] This case was reassigned to Magistrate Judge Susan B. Prose on January 26, 2024, following then Magistrate Judge Crews's appointment as a United States District Judge.

findings or recommendations. Fed. R. Civ. P. 72(b). After de novo consideration, the Court overrules the Plaintiff's objection and adopts the Recommendation.

Plaintiff objects that that the magistrate judge applied the incorrect legal standard for a motion to dismiss. Specifically, Plaintiff argues that the Recommendation conflates Plaintiff's burden under Rule 12(b)(6) with his higher burden on summary judgment and improperly require him "to conclusively establish a prima facie case of discrimination" at this stage. ECF No. 24 at 6 (quoting *Bekkem v. Wilkie*, 915 F.3d 1258, 1274 (10th Cir. 2019)). Contrary to Plaintiff's assertions and selective quotation of the Recommendation, however, the Recommendation accurately sets forth and applies the appropriate legal standard in concluding that Plaintiff has failed to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6). Reviewing the Defendants' arguments, and considering the motion to dismiss de novo, the Court agrees with the magistrate judge's determination that Plaintiff has failed to plead sufficient allegations to state an actionable claim for discrimination. For these reasons, and the reasons set forth in the Recommendation, the Court will grant the Defendants' motion to dismiss.[2]

Accordingly, the Court ORDERS:

---

[2] The Recommendation does not specify whether the dismissal should be with or without prejudice, and Defendants urge the former. *See* ECF No. 27 at 6–7. While the Court harbors doubts regarding Plaintiff's ability to overcome these pleading deficiencies through amendment, the Court cannot say at this juncture that it is "patently obvious that ... allowing [plaintiff] an opportunity to amend his complaint would be futile." *Hall v Bellmon*, 935 F.2d 1106, 1109–10 (10th Cir. 1991). Accordingly, the Court finds that dismissal without prejudice is appropriate here and will not preclude Plaintiff from filing a motion for leave to amend.

1. Plaintiff's Objection to the Recommendation, ECF No. 24, is OVERRULED;
2. The Recommendation, ECF No. 23, is ACCEPTED and ADOPTED;
3. Defendants' Motion to Dismiss, ECF No. 16, is GRANTED, and Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE.
4. If Plaintiff wishes to move to file an amended complaint that meets the pleading requirements of the Federal Rules of Civil Procedure, he must do so by February 21, 2024.

DATED: February 6, 2024

BY THE COURT:

REGINA M. RODRIGUEZ
United States District Judge